UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHA VISCONTI,<br><br>                Plaintiff,<br><br>    v.<br><br>ALBERT GREGORY PINTO *et al.*,<br><br>                Defendants. | Case No. 24-cv-2113 (JMC) |

**MEMORANDUM OPINION**

Plaintiff Maha Visctoni, a California state prisoner proceeding *pro se*, initiated this matter on July 18, 2024, by filing, *inter alia*, a civil Complaint ("Compl."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.[1] After some exchanges regarding the submission of Visconti's six-month trust accounting, *see* 28 U.S.C. § 1915(a)(2), the Court then reviewed the Complaint on November 7, 2024, and found that the pleading failed to comply with several Federal and Local Civil Rules, including falling short of Federal Rule 8(a)'s pleading standard, *see* Order ("Ord."), ECF No. 13. Accordingly, the Court ordered Visconti to, within 30 days, file an amended complaint, drafted in accordance with Rules 8, 9 and 10 of the Federal Rules of Civil Procedure and Local Civil Rule 5.1, providing the full name and address of each defendant, setting forth all the claims she intends to bring, clearly identifying the claims brought against each named defendant, and indicating the relief she demands from each defendant. *See id*. at 2. She was forewarned that failure to comply would result in dismissal of the case. *See id*.

---

[1] All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

On November 29, 2024, Visconti moved for an extension of time to file an amended complaint, *see* Motion for Extension, ECF No. 15, which was granted by the Court *nunc pro tunc* on December 13, 2024, *see* Dec. 13, 2024 Min. Order. Visconti was directed to file an amended complaint by no later than January 8, 2025, and she was once again forewarned that failure to comply would result in dismissal. *See id*. On January 7, 2025, Visconti filed an Amended Complaint ("Am. Compl."), ECF No. 22, but about a month later, she filed an "Errata," ECF No. 23, attaching a Second Amended Complaint ("Am. Compl. II"), ECF No. 23-1, without seeking leave to do so as required, *see* Fed. R. Civ. P. 15(a)(2); D.C. LCvR 7(i), 15.1.

On January 2, 2025, Visconti submitted the $405 filing fee applicable to civil cases, and shortly thereafter, the case was assigned to this Court. Upon review, because Visconti's Second Amended Complaint (and her First Amended Complaint) still fail to correct any of the noted deficiencies, and fail to establish the Court's subject matter jurisdiction, for the reasons explained below, this matter is dismissed without prejudice.

Much like its precursors, the Second Amended Complaint is difficult to follow, if not more so. The pleading spans 460 pages, including a hodgepodge of exhibits that are unexplained. *See* D.C. LCvR 5.1(e), (g). Due to the length of the Second Amended Complaint alone, neither the Court nor the Defendants can reasonably be expected to identify Visconti's intended claims.

Attempting to parse through the allegations fares no better. Visconti sues several Defendants, including the U.S. District Court for the Central District of California, federal judges, IRS agents, other individuals, and 1-100 John and Jane Does, *see* Am. Compl. II at 1–3, 21–22, but focuses mostly on her former attorney, Defendant Albert Gregory Pinto, with whom she also had a personal relationship, *see id.* at 1–5 (identifying Pinto as the "main defendant"), 11, 22, 24, 28. She alleges that Pinto engaged in myriad personal and professional wrongdoing, including

breach of fiduciary duty, fraud, extortion, assault and battery, intentional infliction of emotional distress, theft, business interference, defamation, conversion, negligence, negligent representation, and legal malpractice. *See id*. at 2–22, 24–47. Her allegations against the other defendants are far less clear, but are apparently rooted in Visconti's belief that, for close to a decade, all of the Defendants, and other non-defendants, engaged in a widespread conspiracy together against her in multiple state and federal proceedings. *See id*. at 6, 12–13, 15–18, 32–35, 43–46. Visconti demands equitable relief and damages. *See id*. at 47.

  First, and to reiterate, *see* Ord. at 1, *pro se* litigants must comply with the Federal and Local Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004).

  Visconti's Second Amended Complaint is neither short nor plain. Applicable here, "a complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail the Rule[ ] [8] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (citations omitted), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Visconti's Second Amended Complaint falls squarely into both of those categories. *See id.*; *see also Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) ("A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8.") (citation

omitted). Despite previous extensions of time and generous opportunities to amend, Visconti's operative pleadings have become *more* digressive and difficult to interpret.

Second, Visconti has failed to establish the Court's subject matter jurisdiction, which is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and failure to plead such facts warrants dismissal of the action, *see* Fed. R. Civ. P. 12(h)(3).

Here, Visconti has failed to state a federal question. *See* 28 U.S.C. § 1331. She brings tort claims and does not cite to any federal authority, nor does the Court independently discern any basis for federal question jurisdiction from any of the information presented. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly.") (cleaned up).

Visconti has also failed to establish diversity of citizenship. *See* 28 U.S.C. § 1332. It is a "well-established rule" that the diverse citizenship requirement be "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Therefore, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference," *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004), and an "'allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction,'" *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)) (emphases omitted). Here, Visconti has failed to provide addresses for the Defendants, and

she has provided only limited information regarding their state citizenships. *See* Am. Compl. II at 21–23. Taking what information is presented at face value, this case cannot be brought under diversity jurisdiction because Visconti and multiple Defendants are citizens of Washington, D.C.,[2] *see id.*, thus defeating complete diversity, *see Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)).

For these reasons, the Court dismisses the Second Amended Complaint, ECF No. 23-1, and this matter, without prejudice. Visconti's IFP Application, ECF No. 2, and Motions for CM/ECF passwords, ECF Nos. 12, 17, are denied as moot. A separate order accompanies this memorandum opinion.

Date: May 12, 2025

                                                            JIA M. COBB
                                                            United States District Judge

---

[2] "Generally, it is presumed that a prisoner remains a citizen of the state of which [s]he was a citizen before h[er] incarceration, even if [s]he is subsequently incarcerated in another state." *Ceasar v. Rosstead*, 593 F. Supp. 2d 91, 93 (D.D.C. 2009) (citing cases) (internal quotation marks omitted). Here, Visconti contends that she was a citizen of the District of Columbia before her incarceration in California. However, even if Visconti were a citizen of California, *see, e.g.,* Am. Compl. at 9, multiple Defendants are also citizens of California, *see id*. at 9–11; Am. Compl. II at 22, likewise defeating complete diversity, *see Bush v. Butler*, 521 F. Supp. 2d at 71.